IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CR-0186-001-CVE |
| v. ) | |
| ) | USM Number: 10518-062 |
| MICHOL DALE DINGMAN, ) | |
| a/k/a "Michael Dale Dingman," ) | |
| a/k/a "Michol D. Dingman" ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motions for reconsideration (Dkt. ## 50, 51). Defendant requests that the Court reconsider the sentences imposed upon revocation of his terms of supervised release based upon ineffective assistance he received from counsel at the revocation hearing, that he was inebriated by methamphetamine for the two days prior to the hearing, and that he had not been taking mental health medications on the date of the hearing as necessary.[1] Defendant requests that the Court reduce his sentence or vacate the sentence and order a new hearing. Defendant further requests that the Court assist him in obtaining mental health treatment and effectuate his transfer to the United States Medical Center for Federal Prisoners at Springfield, Missouri.

On May 1, 2009, defendant appeared for sentencing following his plea of guilty to count one – attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and count two – possession of a firearm in furtherance of a drug trafficking crime, in

---

[1] It is unclear to which hearing defendant is referring, because by the January 2016 hearing at which he stipulated to a supervised release violation and at which the Court sentenced him, defendant had been in custody the preceding six months.

violation of 18 U.S.C. § 924(c)(1)(A)(i). Defendant was sentenced to a total of eighty-one months custody of the Bureau of Prisons. The Court imposed a three-year term of supervised release in count one and a five-year term in count two, said terms to run concurrently, each with the other. Standard conditions of supervised release were imposed, along with four special conditions – a substance abuse treatment and testing condition, a search condition, financial conditions, and a mental health condition.

On June 11, 2016, an order on supervised release (Dkt. # 28) was entered, alleging that defendant had violated standard condition of supervised release number seven by testing positive for methamphetamine on five occasions, as well as standard condition number three and special condition number one, by failing to report for substance abuse treatment and testing, as instructed by the probation officer. On August 17, 2016, a superseding order on supervised release (Dkt. # 39) was entered, alleging that defendant violated a mandatory condition by committing a new law violation, in addition to the three previous violations alleged in the original order on supervised release. On August 18, 2015, defendant stipulated to all allegations except the new law violation, and the Court declared the original order on supervised release (Dkt. # 28) moot. The parties did not object to defendant's appearance in state court on the new law violation prior to an additional revocation hearing in this matter. The Court set a final revocation hearing for January 27, 2016.

On January 27, 2016, an evidentiary hearing was held before the Court regarding the single remaining allegation in the superseding order on supervised release (Dkt. # 39), that defendant had violated a mandatory condition of supervised release by committing the state law violation of assault and battery with a dangerous weapon. At the conclusion of the evidentiary hearing, defendant stipulated to the violation. Based upon defendant's stipulations, the Court found that defendant had

violated the enumerated conditions of supervised release, and defendant requested immediate sentencing. The Court sentenced the defendant to twenty-four months custody of the Bureau of Prisons as to count one and fifty-seven months custody as to count two, said counts to run concurrently, for a total sentence of fifty-seven months. A term of supervised release of twelve months was imposed as to count one and no term of supervised release was imposed as to count two.

As to defendant's request that the Court recommend that he receive mental health treatment and effectuate his transfer to the United States Medical Center for Federal Prisoners at Springfield, Missouri, the authority to designate the place of a prisoner's incarceration in the federal prison system rests with the Bureau of Prisons. 18 U.S.C. § 3621(b). The Court may, however, make a non-binding recommendation to the Bureau of Prisons as to location of the place of confinement and the type of services needed for a defendant. See 18 U.S.C. § 3621(b)(4). As reflected on defendant's judgment (Dkt. # 49), at the time of sentencing, the Court made recommendations to the Bureau of Prisons that the defendant be placed in a facility that would afford him the opportunity to participate in the most comprehensive substance abuse and mental health programs available. The Court further recommended that he be designated to a medical facility, preferably the Federal Medical Center at Springfield, Missouri. Therefore, defendant's request that the Court make these recommendations is moot.

As to defendant's argument that he received ineffective assistance of counsel and was impaired during his hearing,[2] requiring that his sentence be reduced or vacated, a district court is authorized to modify a defendant's sentence or vacate a conviction only in specified instances where

---

[2] As stated in n.1, supra, it remains unclear to which hearing defendant refers when he asserts that he was impaired because, by January 2016, defendant had been in custody for six months.

3

Congress has expressly granted the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996). Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." Id. at § 3582(c)(1)(A), (c)(1)(B), (c)(2). However, authority for post-conviction consideration of alleged errors in a defendant's sentence is expressly provided by statute at 28 U.S.C. § 2255. That statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming that right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. And, in the Tenth Circuit, "claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255." United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). This Court thus has no jurisdiction to hear a claim of ineffective assistance that is not brought on collateral review.

Defendant is advised that, should he wish to further pursue his ineffective assistance claims or otherwise seek to have his revocation sentence modified or vacated, he must do so with a § 2255 motion. Defendant is further advised that § 2255 provides for "[a] 1-year period of limitation" for

a motion filed under that section. In other words, defendant has only one year from the date his revocation judgment became final to seek relief under § 2255. This Court entered revocation judgment on January 27, 2016. Defendant thus has until January 27, 2017 to file a timely § 2255 motion related to his revocation proceedings. The Court will direct the Court Clerk to provide defendant with a blank § 2255 motion. Defendant is reminded that he may raise issues in his § 2255 motion related to his revocation proceedings only, as claims related to his underlying conviction would be time-barred.

Defendant's request that his revocation sentence be vacated or for reduction of sentence must be dismissed for lack of jurisdiction. Defendant's request for recommendation as to services and place of confinement is moot.

**IT IS THEREFORE ORDERED** that defendant's motions for reconsideration (Dkt. ## 50, 51) are **dismissed for lack of jurisdiction in part and moot in part.**

**IT IS FURTHER ORDERED** that the Court Clerk shall send defendant a blank § 2255 motion (form 2255.mot), marked Case No. 07-CR-0018-004-CVE, for defendant's use in complying with this opinion and order.

**IT IS SO ORDERED** this 26th day of July, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE