IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CR-0186-001-CVE |
| v. ) | |
| ) | USM Number: 10518-062 |
| MICHOL DALE DINGMAN, ) | |
| a/k/a "Michael Dale Dingman," ) | |
| a/k/a "Michol D. Dingman" ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are two letters submitted by the defendant (Dkt. ## 56, 61). The Court will construe both letters as motions for reconsideration of his sentences. In defendant's first letter (Dkt. # 56), he asserts that the Court's order dismissing his first motion for reconsideration (Dkt. # 53) incorrectly states the terms of supervised release to which he was sentenced on May 1, 2009. Therefore, defendant argues that the custodial terms imposed upon revocation of the terms of supervised release on January 27, 2016, are "wrong" and more lengthy than authorized. In defendant's second letter (Dkt. # 61), he argues that the custodial sentences he received are not authorized based upon the length of his original terms of supervised release and argues that the term of supervised release reimposed is also unauthorized. Accordingly, defendant requests that the Court correct his sentences.

The Court's previous opinion and order (Dkt. # 53), correctly stated that on May 1, 2009, defendant was sentenced to a three-year term of supervised release in count one – attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) and a five-year term in count two – possession of a firearm in furtherance of a drug trafficking crime, in

violation of 18 U.S.C. § 924(c)(1)(A)(i), said terms to run concurrently, each with the other, for a total term of supervised release of five years. On January 27, 2016, following revocation of the terms of supervised release, the defendant was sentenced to twenty-four months custody of the Bureau of Prisons as to count one and fifty-seven months custody as to count two, said counts to run concurrently, for a total sentence of fifty-seven months. A term of supervised release of twelve months was reimposed as to count one and no term of supervised release was imposed as to count two.

The Court notes that upon revocation of a term of supervised release, the Court may require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense of conviction, without credit given for time previously served on supervised release. However, in defendant's case, the maximum custodial term statutorily authorized to be imposed upon revocation for count one, a class C felony, is two years and for count two, a class A felony, is five years. See 18 U.S.C. § 3583(e)(3). The Court imposed a twenty-four month custodial sentence in this case as to count one and a fifty-seven month sentence as to count two, both of which the Court finds to be within the aforementioned statutory limits. Further, the Court reimposed a term of supervised release of twelve months in count one. The statutory maximum term of supervised release as to count one, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), is life. Therefore, the Court could have reimposed any number of years of supervised release. See 18 U.S.C. § 3583(h); United States v. Handley, 678 F.3d 1185, 1190 (10th Cir. 2012). The Court did not reimpose any term of supervised release as to count two.

The Court does not have the authority to reconsider and reduce defendant's sentence. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). See 18 U.S.C. § 3582(b); Fed. R. Crim. P. 35(a). Defendant's request for reconsideration of his sentences must be dismissed for lack of jurisdiction.

At defendant's request, the Court notes that the address of record for defendant's counsel, Robert Ridenour, is One West Third Street, Suite 1225, Tulsa, Oklahoma 74103.

**IT IS THEREFORE ORDERED** that defendant's motions for reconsideration (Dkt. ## 56, 61) are **dismissed for lack of jurisdiction.**

**IT IS FURTHER ORDERED** that the Clerk of Clerk will forward copies of defendant's judgment and commitments (Dkt. ## 26, 49) to the defendant.

**IT IS SO ORDERED** this 24th day of August, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE